UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELVIN GENAO,

                Plaintiff,

                -against-

WEINSTEIN & GOLDSTEIN LLP,

                Defendants.

19-CV-3404 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff filed this action *pro se*. By order dated May 10, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

In this one page complaint, Plaintiff seeks to file criminal charges against a New York law firm. According to Plaintiff, he has had the firm on "retainer since 2004 until present, and all of the cases have gone unappealed." The complaint states as follows.

> Aggravated harassment 1st deg, malicious persecution, wrongful/false arrest, slander 1st degree, defamation of character, Amendment V, VI, VIII, XVI, Rome statute, pursuit of happiness.

(ECF No. 1 at 1.)

Beginning in 2018, Plaintiff has filed 21 *pro se* complaints in this Court. On May 7, 2019, the Court ordered Plaintiff to show cause why he should not be barred under 28 U.S.C. § 1651 from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *See Genao v. St. Paul's Church*, No. 19-CV-2704 (CM) (S.D.N.Y. May 7, 2019) (dismissing complaint for failure to state a claim, and listing other cases).

## DISCUSSION

As Plaintiff has been repeatedly informed, he cannot initiate the arrest and prosecution of an individual or entity in this Court because private citizens cannot prosecute criminal actions in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Plaintiff also cannot direct prosecuting attorneys to initiate a criminal proceeding because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

To the extent the complaint could be construed as alleging legal malpractice claims under state law, Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28

U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both he and Defendant reside in New York, precluding complete diversity of citizenship.[1]

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk is directed to mail a copy of this order to Plaintiff and note service on the docket. The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 16, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[1] Because Plaintiff's claims over which the Court has original jurisdiction are dismissed, the Court declines to exercise supplemental jurisdiction over any state law claims he may be asserting. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000).

3